IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INTERNATIONAL FIDELITY INSURANCE COMPANY | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:15-CV-2454 |
| VERITAS SUPPLY, INC. d/b/a VERITAS MECHANICAL, VERITAS SUPPLY, INC., JESUS S. OCAMPO, and ELVIRA T. OCAMPO | § § § § § | |
| Defendants. | § | |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, International Fidelity Insurance Company (the "Surety"), complains of Defendants, Veritas Supply, Inc. d/b/a Veritas Mechanical, Veritas Supply, Inc. Jesus S. Ocampo and Elvira T. Ocampo (collectively, "Defendants"), and respectfully states:

*Parties*

1. International Fidelity Insurance Company is a Pennsylvania corporation, with its principal place of business in New Jersey, and is authorized to do business in the State of Texas.

2. Defendant Veritas Supply, Inc. d/b/a Veritas Mechanical ("Veritas Mechanical") is a Texas corporation that may be served with process through its registered agent Elvira T. Ocampo at 11610 Aucuba Ln., Houston, Texas 77095.

3. Defendant Veritas Supply, Inc., ("Veritas Supply") is a Texas corporation that may be served with process through its registered agent Elvira T. Ocampo at 11610 Aucuba Ln., Houston, Texas 77095.

4. Defendant Jesus S. Ocampo is an individual resident of the State of Texas who may be served with process at 11610 Aucuba Ln., Houston, Texas 77095.

5. Defendant Elvira T. Ocampo is an individual resident of the State of Texas who may be served with process at 11610 Aucuba Ln., Houston, Texas 77095.

## *Statement of Jurisdiction*

6. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332. The parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and cost.

## *Venue*

7. Venue is proper in this district under 28 U.S.C. § 1391 in that (a) the Defendants reside in this district in the State of Texas, (b) a substantial part of the events or omissions giving rise to the Surety's claim occurred in this district, and (c) the Defendants are subject to personal jurisdiction in this district at the commencement of this action and there is no district in which the action may otherwise be brought.

## *Factual Background*

8. The Surety issued performance and payment bonds on behalf of Veritas Mechanical and Veritas Supply (collectively, "Contractors") in connection with multiple construction projects in the State of Texas. The bonds issued by the Surety included the following (collectively, the "Bonds") for the following projects (collectively, the "Projects") and obligees (collectively, the "Obligees"):

| BOND NO. | PROJECT NAME | OBLIGEE |
|---|---|---|
| HSIFSU0635832 | Fort Hood 69th ADA TEMF – Sub #37130047-09 | Bristol General Contractors, LLC |
| HSIFSU0635827 | Hampton Inn at Sports Village – HVAC | Key Construction Texas, LLC |

9.     On or about December 4, 2013, to induce the Surety to issue Bonds, Veritas Mechanical, Veritas Supply, Jesus S. Ocampo, and Elvira T. Ocampo (collectively, the "Indemnitors") executed an *Agreement of Indemnity* (the "AOI") in favor of the Surety. A true and correct copy of the AOI is attached hereto as Exhibit "A" and fully incorporated herein for all purposes.

10.    Under the AOI, the Indemnitors promised to exonerate, indemnify, and keep IFIC indemnified from and against all loss that IFIC has incurred or anticipates that it will incur by reason of issuing the Bond. Specifically, pursuant to the AOI, the Indemnitors agreed as follows:

> The Contractor and Indemnitors shall exonerate, indemnify, and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever king or nature (including, but not limited to, interest court costs and the cost of services rendered by counsel, investigators, accountants, engineers, or other consultants, whether consisting of in-house personnel or third party providers) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Contractor or Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement. The Contractor and Indemnitors shall deposit with the Surety, on demand an amount of money or other collateral security acceptable to the Surety, as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefor, equivalent to such amount that the Surety, in its sole judgment, shall deem sufficient to protect it from loss, or expense for which the Contractor and Indemnitors would be obligated to indemnify the Surety under the provisions of this Agreement. If for any reason the Surety deems it necessary to demand an additional amount of collateral security to cover any possible additional liability or loss, the Contractor and Indemnitors shall deposit with the surety, immediately upon the Surety's demand, an additional amount of collateral security equal to such demand. The Surety shall have no obligation to invest or to provide a return on any such deposits.

11.    To the extent the Surety makes any payments under the Bonds, the Indemnitors further that "the vouchers or other evidence of any such payments made by the Surety shall be prima facie evidence of that fact and the amount of the liability to the Surety".

*Payment Bond Losses*

12. After execution of payment bond number HSIFSU0635827 related to the Hampton Inn at Sports Village – HVAC project (the "Hampton Inn Project"), numerous claims were received by the Surety alleging that the Contractors were not making payments to its subcontractors and suppliers on the Hampton Inn Project. Pursuant to its obligations under the payment bond and Section 2253 of the Texas Government Code, the Surety proceeded with paying the perfected claims.

13. The Surety is continuing to incur loss as a result of being involved in disputes with subcontractors of the Contractors alleging that the Contractors have failed to pay amounts owed for labor and/or materials delivered to the Projects.

*Performance Bond Losses*

14. The Surety has incurred loss under the performance bond number HSIFSU0635832 related to the Fort Hood 69th ADA TEMF – Sub #37130047-09 project (the "Fort Hood Project").

15. Bristol General Contractors, LLC ("Bristol") terminated the Contractors from the Fort Hood Project on December 21, 2014.

16. Bristol made demand on the Surety to honor its obligations under the performance bond and complete the Fort Hood Project.

17. On January 16, 2015, the Surety entered into a Settlement Agreement with Bristol for $345,620.00 as consideration for its performance bond obligations.

*Total Losses Under the Bonds*

18. As of the filing of this Original Complaint, the Surety has incurred at least $538,540.22 in loss under the Bonds. The Surety anticipates further loss under the Bonds as a

result of resolving remaining payment bond claims and potential performance bond claim on the Hampton Inn Project.

19. All conditions precedent to recovery by the Surety from each defendant has occurred or has been performed.

## Count I
### Breach of Indemnity Agreement

20. The Surety incorporates herein by reference, as if fully set forth, the allegations contained in paragraphs 1 through 29.

21. Contractors have failed, delayed, refused, or unable to complete the Projects and/or pay bills or other indebtedness incurred in connection with the Projects for which the Bonds were issued.

22. Despite demand, the Indemnitors failed and/or refused to pay the Surety an amount sufficient to discharge claims against the Surety from having issued the Bonds.

23. The wrongful acts of the Indemnitors set forth in paragraphs 21 and 22 constitute independent defaults and breaches of the IOA.

24. Under the IOA, the Indemnitors are jointly and severally liable to the Surety for all of the Surety's loss and expense, including attorney's fees, in connection with claims on the Bonds.

## Count II
### Common Law Indemnity

25. The Surety incorporates herein by reference, as if fully set forth, the allegations contained in paragraphs 1 through 24.

26. The Surety has been called upon as a surety for the Contractors to pay for the Contractors' alleged defaults under the Bonds.

27. The Contractors benefitted from the Surety's posting of the Bonds, as the Contractors could not have performed the contracts for which the Bonds were issued without the Bonds.

28. Under the theories of common law indemnity, unjust enrichment, and restitution, the Surety is entitled to payment by the Contractors for all of the Surety's loss and expense resulting from issuance of the Bonds.

### Count III
### Exoneration

29. The Surety incorporates herein by reference, as if fully set forth, the allegations contained in paragraphs 1 through 28.

30. The Indemnitors are jointly and severally liable to the Surety under the IOA for all amounts necessary to exonerate the Surety from liability asserted against it.

### Count IV
### Collateralization/Quia Timet

31. The Surety incorporates herein by reference, as if fully set forth, the allegations contained in paragraphs 1 through 30.

32. The Indemnitors are jointly and severally liable to the Surety under the IOA for any amount of collateral necessary to cover all anticipated losses of the Surety under the Bonds.

### Count V
### Specific Performance of Indemnity Agreement

33. The Surety incorporates herein by reference, as if fully set forth, the allegations contained in paragraphs 1 through 32.

34. The Surety requests that the Court compel the Indemnitors to provide the Surety with access to its books, records, and accounts identified in the Paragraph ELEVENTH of the IOA so that the Surety may determine any additional exposure under the Bonds.

35. The Surety also requests that the Court compel the Indemnitors to assign all its rights to payment of any contract balance, retainage, or other sum due under any construction contract bonded by the Surety pursuant to the provisions of the IOA.

### Count VI
### *Recovery of Attorneys' Fees and Expenses*

36. The Surety incorporates herein by reference, as if fully set forth, the allegations contained in paragraphs 1 through 35.

37. The Surety is entitled to recover its attorneys' fees and expenses from the Indemnitors under the IOA.

38. Additionally, and alternatively, the Indemnitors are obligated to reimburse the Surety for its reasonable attorneys' fees incurred in the bringing of this complaint under § 38.001, *et seq.* of the Texas Civil Practice & Remedies Code.

### *Request for Relief*

For the foregoing reasons Plaintiff, International Fidelity Insurance Company, respectfully requests that Veritas Supply, Inc. d/b/a Veritas Mechanical, Veritas Supply, Inc. Jesus S. Ocampo and Elvira T. Ocampo be cited to appear and answer herein and, upon final trial thereof, that the Surety receive:

1. Judgment against Veritas Supply, Inc. d/b/a Veritas Mechanical, Veritas Supply, Inc. Jesus S. Ocampo and Elvira T. Ocampo, jointly and severally, in the amount of damages incurred by the Surety;

2. Judgment against Veritas Supply, Inc. d/b/a Veritas Mechanical, Veritas Supply, Inc. Jesus S. Ocampo and Elvira T. Ocampo, jointly and severally, for amounts necessary to exonerate the Surety from all liability asserted against it;

3. An Order of the Court compelling Veritas Supply, Inc. d/b/a Veritas Mechanical, Veritas Supply, Inc. Jesus S. Ocampo and Elvira T. Ocampo to perform their obligations under the IOA;

4. Attorneys' fees and expenses;

5. Pre-judgment and post judgment interest at the maximum permissible at law or in equity;

6. Costs of court; and

7. Such other and further relief to which the Surety is justly entitled.

Respectfully submitted,

KREBS, FARLEY & PELLETERI, PLLC

By: */s/ Ryan D. Dry*
   Ryan D. Dry
   Bar No. 24050532
   2201 W. Plano Parkway, Suite 151
   Plano, Texas 75075
   (214) 945-3027 Telephone
   (214) 945-3021 Facsimile
   rdry@kfplaw.com

**ATTORNEYS FOR INTERNATIONAL FIDELITY INSURANCE COMPANY**